Mr. Justice Clayton
delivered the opinion of the court.
This was an attachment against a non-resident debtor, in the circuit court of Lafayette. A motion was made in behalf of the defendant, to quash the attachment, because the condition of the bond recited, that the attachment was returnable to the September, instead of the March term of the court. After the motion, the surety in open court acknowledged the bond, and stated he would take no advantage of the defect, The court held the bond to be insufficient, but permitted the substitution of another bond, and overruled the motion to quash. There was a judgment for the plaintiffs .below.
*516 The statute requires the bond to be given, before the issuing of the attachment; if the original bond were insufficient, the substitution of the other was not a compliance with the statute.
Was the first bond defective 1 We think not. There was no error in the obligatory part of the bond. It was in a recital not necessary to the validity of the obligation. The attachment was returnable to a court, which had jurisdiction of the cause. Could the party who gave the bond, or his surety, evade the obligation, by alleging that the day for the appearance of the defendant was not correctly recited? We do not believe he could. We have decided that a mistake in the amount set forth in the condition of the bond, does not vacate it. The affidavit and attachment control the condition. Lawrence v. Featherstone, 10 S. & M. 347.
Were we to quash for such defects, we should not meet the design of the legislature, in directing that the act should be construed in the most liberal manner, for the benefit of creditors. This is very different from the case of Ford v. Hurd, 4 S. & M. 683, relied on in the argument.
The judgment of the court overruling the motion to quash the attachment, is affirmed, and the judgment of the court upon the merits, also affirmed.